UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEFANO CASERTA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER ABI, et al.,<br><br>Defendants. | Case No. 2:25-CV-405-CCB-SJF |

**OPINION AND ORDER**

Before the Court are four motions. The first is a "Motion for Extension" of time to seek counsel by Defendants Christopher Abi and Kathleen Jarema. (ECF 29). The second is "Defendants Consolidated Motion to Set Aside and Vacate Clerk's Entry of Default June 2, 2026." (ECF 37). The third is Defendant Carbon Development, Inc.'s ("Carbon") "Motion for Extension of Time to Retain Counsel." (ECF 40). The fourth is "Plaintiffs' Motion for Status Conference," filed by Plaintiffs Stefano Caserta and Sincere Distribution, LLC (collectively, "Plaintiffs"). (ECF 44).

On June 16, 2026, this Court issued an Order directing Plaintiffs to show cause "why this action should not be dismissed for failure to properly serve Defendants pursuant to Federal Rule of Civil Procedure 4(m)." (ECF 42 at 4). The Court then took each of Defendants' three motions under advisement pending Plaintiffs' response to the show cause order. (*Id.* at 4–5). Plaintiffs responded to that order on June 19, 2026. (ECF 43). The Court now rules.

## I. Relevant Background

As previously noted, this case has not proceeded smoothly. (ECF 42 at 1). Originally filed on September 4, 2025, it took three attempts for Plaintiffs to plead subject matter jurisdiction. (ECF 1; 5; 8). Even after the Court gave Plaintiffs a third chance to correct the jurisdictional deficiency, Plaintiffs missed the Court's deadline and only filed an amended complaint after the Court sua sponte provided a one-week extension to cure the deficiencies. (ECF 6; 7; 8).

But the problems did not end there. On December 10, 2025, the Clerk's Office issued a notice informing Plaintiffs that the deadline to serve Defendants had passed. (ECF 9). Despite this elapsed deadline, the notice afforded Plaintiffs an additional 15 days to complete service before bringing the matter "to the attention of the Court." (*Id.*). Despite this additional time and warning, Plaintiffs took no action. In reality, Plaintiffs were afforded an additional two months to properly serve Defendants before the Court acted. On February 6, 2026, the Magistrate Judge issued an order directing Plaintiffs to show cause by February 23, 2026, "why this case should not be dismissed without prejudice for failure to complete process pursuant to Rule 4(m)." (ECF 10). Plaintiffs did not respond to the Magistrate Judge's order, and this Court accordingly dismissed the action on February 26, 2026. (ECF 11).

On March 15, 2026, Plaintiffs filed a motion to reopen the case, in which counsel for Plaintiffs explained that he erroneously "believed that service of process was to be completed by the Court Clerk rather than by Plaintiff, as sometimes occurs in certain proceedings or state court practice." (ECF 13 at 2). Counsel apologized for the

assumption, represented to the Court that it "[i]dentified correct addresses and/or registered agents for Defendants," and retained a process server to "promptly" serve Defendants "upon reopening of the case" within 21 days. (*Id.* at 3–4). With these assurances, this Court granted the motion on March 18, 2026, and extended Plaintiffs' deadline to properly serve Defendants to April 9, 2026. (ECF 14).

But Plaintiffs' issues with service continued. On April 8, 2026, Plaintiffs filed a motion for another extension of time to serve Defendants, explaining that—despite previously representing to the Court that they had retained a process server—they had "encountered delays in retaining a suitable process server able to promptly effect service." (ECF 17 at 2). Plaintiffs requested a "brief" extension of 14 days to properly serve Defendants. (*Id.*). The Magistrate Judge granted the motion the next day and extended the deadline to April 23, 2026, but warned that "future extensions of the deadline for service [would] not be viewed favorably and [would] require a hearing with the undersigned before it [could] be granted." (ECF 20 at 2). Again, Plaintiffs missed the deadline, and the Magistrate Judge set a telephonic status conference for June 2, 2026, explaining that the Court would vacate the status conference if "Plaintiffs file[d] proof of service on Defendants by 6/1/2026." (ECF 21).

On May 20, 2026, the day after the Magistrate Judge issued the notice setting the status conference, Plaintiffs filed two affidavits of service as to Defendants Abi and Jarema, stating that the First Amended Complaint and Summons were posted on the front door of a Highland, IN residence on May 8, 2026. (ECF 22; 23). No proof of service was filed as to Defendant Carbon. Eleven days later, on May 31, 2026, Plaintiffs filed

two motions for Clerk's Entry of Default as to Defendants Abi and Jarema, which were entered the next day. (ECF 24; 25; 26; 27). The following day, the Magistrate Judge attempted to conduct the scheduled telephonic status conference but adjourned it after Plaintiffs' counsel no showed the hearing. (ECF 28).

On June 2, 2026, Defendants Abi and Jarema, without counsel, appeared in the case by filing a motion for an extension of time to seek counsel and continue settlement negotiations. (ECF 29). The motion does not explain why additional time is necessary to retain counsel, but it asserts that the documents served upon them left them "unsure of the date of summons and time to answer." (*Id.*). In support, Defendants Abi and Jarema attached two summonses—unsigned, undated, and missing the Court's seal—that were posted at the Highland, IN residence. (ECF 29-1 at 1, 13). These documents suggest that, although Plaintiffs had in their possession summonses for each Defendant, signed and dated by the Clerk and bearing the Court's seal, Plaintiffs did not properly serve Defendants Abi and Jarema. (ECF 19); *see* Fed. R. Civ. P. 4(a)(1)(F)–(G).

On June 3, 2026, the day after Defendants Abi and Jarema appeared, Plaintiffs filed a supplemental document, arguing that service had been perfected upon Defendant Carbon because Defendant Jarema was its registered agent. (ECF 30). The next day, Plaintiffs filed another motion seeking Clerk's Entry of Default, this time against Defendant Carbon. (ECF 31). The Clerk's Office entered default against Carbon on June 5, 2026. (ECF 33). Plaintiffs also filed a response opposing Defendants' motion for an extension of time to seek counsel, arguing that the deadline to respond had passed and referring the Court to the earlier filed affidavits of service. (ECF 32).

Plaintiffs provided no explanation for the missing signature, date, and seal on the summonses provided by Defendants Abi and Jarema. (*See id.*).

On June 5, 2026, Defendants Abi and Jarema filed a "Consolidated Motion to Set Aside and Vacate Clerk's Entry of Default June 2, 2026." (ECF 37). Defendants Abi and Jarema then filed "Draft Answer[s]" to the First Amended Complaint. (ECF 38; 39). On June 9, 2026, Defendant Carbon, by Defendant Abi as Chief Executive Officer, filed a "Motion for Extension of Time to Retain Counsel." (ECF 40). In the motion, Defendant Abi recognized that "a corporation cannot appear pro se" and explained that Carbon's legal counsel recently retired and that they have been unable to retain new counsel due to financial constraints. (*Id.* at 1). The motion then sought 30 days to retain counsel. (*Id.*).

With the evidence that proper service had yet to occur, this Court issued an order on June 16, 2026, directing Plaintiffs to show cause why this case should not be dismissed "for failure to properly serve Defendants pursuant to Federal Rule of Civil Procedure 4(m)." (ECF 42 at 4). As the Court emphasized, Plaintiffs had missed several deadlines, been afforded multiple extensions, and failed to respond to a previous show cause order. (*Id.* at 3–4). The Court noted it would no longer afford the "substantial latitude" it had extended previously and warned Plaintiffs that it would "not tolerate" additional failures. (*Id.* at 4). It then took each of Defendants' three outstanding motions under advisement pending Plaintiffs' response to the order. (*Id.* at 4–5).

Plaintiffs responded to the show cause order on June 19, 2026. (ECF 43). In their response, Plaintiffs argue that dismissal is not warranted because Plaintiffs "expended substantial effort over several months attempting to locate Defendants after prior

addresses proved ineffective." (*Id.* at 1–2). Plaintiffs argue that their default motions demonstrated a "good-faith belief that service had been properly accomplished." (*Id.* at 2). In any event, Plaintiffs contend that service is a formality at this point because Defendants, by their filings, have "received actual notice of the action, understood the claims asserted against them, and have actively participated in these proceedings." (*Id.* at 3). To the extent that any service remains imperfect and deficient, Plaintiffs request additional "leave to cure any deficiency and such additional time as the Court deems appropriate rather than dismissal of this action." (*Id.*).

Before the Court could issue a decision on the response and the outstanding motions, Plaintiffs filed a "Motion for Status Conference" on October 27, 2026. (ECF 44). The motion requests that Plaintiffs be permitted to "appear remotely or in person" to "assist . . . the Court in identifying the remaining service issues, address[] the pending motions, and establish[] appropriate next steps in this matter." (*Id.* at 2).

## II. Analysis

The backdrop of every stumbling block in this case is service of process. Service of process is not a mere technical formality, but a prerequisite of jurisdiction. *See McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991). Without a waiver, the Supreme Court has held "a court ordinarily may not exercise power" over a named defendant. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). With that, service of process serves two purposes: (1) to give a court jurisdiction over a named defendant, and (2) to inform that defendant of the lawsuit itself. *Milliken v. Meyer*, 311 U.S. 457, 462–63 (1940).

But it is not enough that a plaintiff makes a good effort attempt at service. As the Seventh Circuit has made plain, "[a]ctual notice to the defendant is insufficient" and a "plaintiff must comply with the directives of Rule 4." *McMasters*, 260 F.3d at 817. Indeed, no "liberal construction of the rules of service of process" can "be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Wood Prods.*, 936 F.2d at 300 (quoting *United States v. Mollenhauer Laboratories, Inc.*, 267 F.2d 260, 262 (7th Cir. 1959)). In other words, "nothing in the Federal Rules of Civil Procedure allows a judge" to excuse the rules governing service. *See McMasters*, 260 F.3d at 817. Thus, the technical formalities of service of process must be observed or else service is ineffective. *See id.*; *Mid-Continent Wood Prods.*, 936 F.2d at 300.

Though Defendants all appear to have actual notice of this lawsuit by their appearances and filings, the demands of Rule 4 have yet to be met. Under Rule 4(c)(1), a summons "must be served with a copy of the complaint" by a plaintiff within "the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). A proper summons must "(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) *be signed by the clerk*; and (G) *bear the court's seal*." Fed. R. Civ. P. 4(a)(1) (emphases added). Under Rule 4(m), a plaintiff must serve a summons, in addition to the operative complaint, within 90 days of filing the complaint or risk

dismissal. Fed. R. Civ. P. 4(m). If service of process does not occur within 90 days or is found to be defective and good cause exists for the failure, a court "must extend the time for service for an appropriate period." *Id.*

In the response to the show cause order, Plaintiffs argue that dismissal is not warranted because the posted summonses afforded Defendants "actual notice of the action," giving them an understanding of "the claims asserted against them" as demonstrated by their actual participation within these proceedings. (ECF 43 at 3). But as noted above, actual notice is insufficient, and the Court cannot set aside the strict demands of Rule 4. *See McMasters*, 260 F.3d at 817; *Mid-Continent Wood Prods.*, 936 F.2d at 300. Plaintiffs have not served Defendants with signed summonses that bear the Court's seal accompanying the operative complaint; thus, service has not yet been perfected under Rule 4. Fed. R. Civ. P. 4(a)(1)(F)–(G).

Plaintiffs argue that they "expended substantial effort over several months attempting to locate Defendants after prior addresses proved ineffective." (ECF 43 at 2). Yet this explanation does not account for Plaintiffs' earlier representation to the Court that it "[i]dentified correct addresses and/or registered agents for Defendants." (ECF 13 at 3–4).

Furthermore, Plaintiffs repeatedly state in their response that they acted in good faith to perfect service. (ECF 43 at 2–3). But at the same time, Plaintiffs' response entirely ignores the most glaring issues in their conduct. In the show cause order, this Court made clear just how recurrent Plaintiffs' failure to serve process was and how long it continued. (*See generally* ECF 42). The initial 90-day deadline to serve process

lapsed 11 months ago without a request for an extension. (*See* ECF 1); Fed. R. Civ. P. 4(m). The Clerk's Office issued a notice a week after the deadline passed informing Plaintiffs that the case could be dismissed for failure to serve process. (ECF 9). Another two months passed, the Magistrate Judge issued a show cause order that Plaintiffs did not respond to, and another twenty days passed before the Court dismissed the case. (ECF 10; 11). Only then—after another three weeks had passed—did Plaintiffs finally reappear and file a motion to reopen the case. (ECF 13).

Since the case was reopened, Plaintiffs have received three extensions to serve process, not including the two and a half months of latitude beyond the 90-day deadline Plaintiffs were afforded before the initial dismissal. (ECF 14; 20; 21). Plaintiffs missed the first two extension deadlines, and when service was finally attempted on May 8, 2026, Plaintiffs failed to include signed summonses that bore the Court's seal despite possessing them. (ECF 16; 22; 23). These repeated failures, along with Plaintiffs' disregard for the Magistrate Judge's February 2026 show cause order and June 2026 hearing, are not only unprofessional but disrespectful of the Court.

With all that said, Defendants have nonetheless appeared. Defendants Abi and Jarema appeared on June 2, 2026, after Plaintiffs filed two motions for Clerk's Entry of Default immediately upon the purported response window closing. (ECF 26; 27; 29). Defendant Carbon appeared by way of Defendant Abi as its CEO on June 5, 2026, also after Plaintiffs filed a third motion for Clerk's Entry of Default against Carbon. (ECF 31; 37). With their appearances and apparent knowledge of this suit, the Court will refrain—for now—from dismissing this case under Rule 4(m).

Defendants' appearances and motions also affect the entries of default. A party seeking to prevail by way of default must complete a two-step process, governed by Rule 55. Fed. R. Civ. P. 55(a). A party must first move for and obtain a clerk's entry of default. Fed. R. Civ. P. 55(a). Default must be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Id*. Only after default is obtained may a party move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). In this case, Plaintiffs only completed the first step before Defendants appeared.

The Seventh Circuit maintains a policy of "favoring trial on the merits over default judgment." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Default judgment is generally justified only "if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Where it can be shown that there is "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint," courts may vacate a default judgment. *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). With that ability to readily vacate a default judgment for good cause, it follows that the threshold entry of default would also be "liberally" set aside where good cause exists. *See Signature Fin. LLC v. Auto Trans Grp. Inc.*, No. 17 C 9058, 2018 WL 1914557, at *2 (N.D. Ill. Apr. 23, 2018) (quoting *Cracco*, 559 F.3d at 631).

Here, Defendants have not exhibited an unwillingness to litigate the case properly. Each Defendant has since appeared and represented to the Court that counsel is being sought, and settlement negotiations are ongoing. While formal answers have

yet to be filed, no deadline has passed as no Defendant has been served in accordance with the strict formalities of Rule 4. *See McMasters*, 260 F.3d at 817; *Mid-Continent Wood Prods.*, 936 F.2d at 300. And even if the deadline had passed, it would be patently unjust to permit default to withstand against currently pro se defendants who are actively seeking counsel and settlement given the substantial latitude that has been afforded Plaintiffs. Accordingly, the Court finds good cause exists to vacate the threshold Clerk's Entry of Default as to each defendant.

Though Plaintiffs oppose Defendants' extension motions, the Court is convinced good cause exists to warrant the requested extensions and that any failure to respond or obtain counsel was excusable neglect given the defects in service and Defendants' pro se statuses.

Finally, to the extent that Plaintiffs seek a hearing to inquire into the Court's status in ruling on the outstanding motions or to identify "the remaining service issues," such a hearing is unnecessary. By this order, the Court has made plain what defects in service of process remain and its disposition on the outstanding motions.

## CONCLUSION

For the foregoing reasons, Defendants Abi and Jarema's "Motion for Extension" to obtain counsel is **GRANTED**. (ECF 29). As more than 48 days have passed since the motion was originally filed, the deadline to obtain counsel and file a formal responsive pleading to the First Amended Complaint is **EXTENDED** 33 days from the date Plaintiffs perfect service of process under Rule 4(m).

Defendants' "Consolidated Motion to Set Aside and Vacate Clerk's Entry of Default June 2, 2026," is **GRANTED**. (ECF 37). The Clerk is **DIRECTED** to **VACATE** its entry of default against Defendants Abi, Jarema, and Carbon. (ECF 26; 27; 33).

Defendant Carbon's "Motion for Extension of Time to Retain Counsel" is likewise **GRANTED**. (ECF 40). The deadline to obtain counsel and file a formal responsive pleading to the First Amended Complaint is **EXTENDED** 33 days from the date Plaintiffs perfect service of process under Rule 4(m).

Finally, Plaintiffs' "Motion for Status Conference" is **DENIED**. (ECF 44). While the Court **DISCHARGES** its show cause order, (ECF 42), the Court, once again, admonishes Plaintiffs that they have yet to perfect service for each Defendant under Rule 4. The deadline set by the most recent extension for service lapsed on June 1, 2026. (ECF 21; 28). Plaintiffs are afforded one final chance to properly serve Defendants. Accordingly, the deadline to serve Defendants is **EXTENDED** 14 days to **November 17, 2026**. No further extensions will be given. Plaintiffs are **WARNED** that this case will be dismissed with prejudice if they fail to properly serve Defendants by November 17, 2026.

SO ORDERED on November 3, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT